IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DAVID ROBERTS,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| **ARES HOLDINGS, LLC dba** | § | |
| **CMS/NEXTECH, LLC** | § | |
| **dba CMS MECHANICAL SERVICES** | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF DAVID ROBERT'S
ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff David Roberts, and files this civil action against Defendant Ares Holdings, LLC dba CMS/NexTech, LLC dba CMS Mechanical Services ("Defendant"), for committing unlawful employment practices, in violation of the age discrimination in employment act of 1967 (ADEA) and the Texas Labor Code, and in support of which Plaintiff would respectfully show the honorable Court and Jury as follows:

**I.
PARTIES**

1. Plaintiff David Roberts is an individual resident of Fort Worth, Tarrant County, Texas. The last 3 digits of his driver's license number is xxx and the last 3 digits of his social security number are 560.

2. Defendant is a foreign corporation doing business in the State of Texas and may be served with process through its registered agent CT Corporation System, 1999 Bryan Street,

Suite 900, Dallas, TX 75201.

## II.
### VENUE AND JURISDICTION

3. This Court has jurisdiction to hear the merits of this case pursuant to 28 U.S.C. § 1332 (a)(1) as the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. § 1391(b)(2), as Denton County is the county where a substantial part of the events or omissions giving rise to the claims herein occurred; in particular, Mr. Robert's place of employment with Defendant at 5000 Energy Dr., Bldg. 100, Denton, TX  76207.

## III.
### STATEMENT OF THE CASE

5. Plaintiff David Roberts sues Defendant for unlawful employment practices under the Age Discrimination in Employment Act of 1967, as amended, and Chapter 21 of the Texas Labor Code; specifically, Plaintiff alleges discrimination by Defendant on the basis of his age.

## IV.
### FACTUAL BACKGROUND

6. Plaintiff was employed by Defendant as a salesperson.  He was hired by the Defendant's Director of Sales in February 2018. Plaintiff's date of birth is September 29, 1961. Defendant's senior management team expressed disapproval of hiring Plaintiff because of his age and instructed the Director of Sales to fire Plaintiff and hire someone younger.

7. Sales estimates from younger salespeople were approved by the Director of Sales. However, the owner of Defendant company gave specific instructions that sales estimates from Plaintiff, and another salesperson close in age to Plaintiff, be reviewed by the owner only and purposely made it more difficult to have sales approved and/or close deals.

8.      Plaintiff negotiated and secured several service contracts, including a major service contract with Wincor Foods, before he was fired.  However, before Plaintiff could close the deal, Defendant fired him and subsequently entered into a service contract with Wincor.

9.      Defendant's Regional Vice President repeatedly referred to Plaintiff as an "old creepy guy" and instructed management officials at Plaintiff's work location to withhold assistance from Plaintiff with the express intent of causing Plaintiff to fail in his job performance.  The VP fired Plaintiff on July 13, 2018 and assumed management of the service contract with Wincor.   The Defendant's purported reason for termination was pretextual, and an effort to cover up the discriminatory reason for termination.

10.     The evidence demonstrates Defendant's senior officials objected to Plaintiff's employment soon after he was hired because of his age.  Defendant subjected Plaintiff to different terms and conditions of employment than younger salespeople by attempting to keep him from receiving support and assistance from his local management and requiring him to follow a different approval process for sales he made.  The evidence also demonstrates the Vice President had an age-related animus against the Plaintiff based on his repeated derogatory age-related comments, and his instructions to management officials to withhold  assistance from the Plaintiff, with the explicit intention of causing him to fail at his job.

11.     Plaintiff filed a Charge of Discrimination on July 31, 2018 with the Equal Employment Opportunity Commission, well within the required deadlines.  He received the EEOC's Letter of Determination on November 17, 2022 and this lawsuit is filed within 90 days of receipt of such letter in accordance with the applicable deadlines.  Accordingly, Plaintiff has satisfied all jurisdictional prerequisites for the filing of this lawsuit under federal law.

12. The EEOC's Letter of Determination found that Plaintiff was in a protected class, found the evidence described in this Complaint and determined that the Defendant's asserted reasons for discharge were pretextual and that the Defendant had discriminated against Plaintiff on the basis of his age. See the Letter of Determination attached as an exhibit.

## V.

### CAUSES OF ACTION

13. Plaintiff realleges and incorporates the allegations contained in paragraphs six through twelve, above, as if restated herein, including all subsections of these "Causes of Action".

14. Based upon the events outlined above, incorporated herein by reference, Plaintiff asserts causes of action against Defendant for age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, and Chapter 21 of the Texas Labor Code.

15. Defendant intentionally discriminated against Plaintiff on the basis of his age, as evidenced by the material and adverse way that Plaintiff was treated by Defendant.

16. The stated reasons for the termination of Plaintiff's employment with Defendant were a mere pretext for the true, discriminatory reasons for the termination.

17. As a direct result of Defendant's unlawful employment actions, Plaintiff has suffered financial damages, including, but not limited to, the loss of his career and promotional opportunities with Defendant. The termination has had a negative effect on his career and earning capacity, including difficulty in obtaining a similar position.

18. Plaintiff seeks all available damages, including back pay, and front pay in lieu of reinstatement, and liquidated damages with pre- and post-judgment interest at the highest rate allowed by law.

19. In addition, Plaintiff seeks reasonable attorney fees, expert fees, and costs of court.

20.     Plaintiff would show that the actions of Defendant were done willfully and he is entitled to liquidated damages as allowed by law.

## VI.
### JURY DEMAND

21.     Plaintiff hereby demands a jury trial. The jury fee has been tendered.

## VII.
### PRAYER FOR RELIEF

Wherefore, Plaintiff prays that Defendant, be cited to appear and answer herein, and that on final trial Plaintiff have judgment for the following relief:

1. Back pay, front pay, and other equitable relief;

2. Liquidated damages;

3. Prejudgment and post judgment interest at the rates provided by law;

4. Relevant attorney and expert fees and all court costs; and

5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted.

/s/Susan E. Hutchison
SUSAN E. HUTCHISON
Texas Bar No. 10354100
sehservice@FightsforRight.com

S. Rafe Foreman
Texas Bar No. 07255200
Srfservice@FightsforRight.com

HUTCHISON & FOREMAN, PLLC
500 East 4th St., Ste. 100
Fort Worth, Texas 76102
T: (817) 336-5533
F: (817) 887.5471

**ATTORNEYS FOR PLAINTIFF**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Direct Dial: (210) 640-7530
FAX (210) 281-2522
Website: www.eeoc.gov

EEOC Charge No. 450-2018-06050

David F. Roberts                               Charging Party
2926 Old Richwood Ln
Fort Worth, TX 76244


CMS MECHANICAL SERVICES                        Respondent
Rick Chrysler
445 WEST DRIVE,
Melbourne, FL 32904

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of the Age Discrimination in Employment Act of 1967, as amended (ADEA), 42 U.S.C. 2000e, et seq. and timeliness, and all other requirements for coverage have been met.

Charging Party alleges the Respondent violated the ADEA by subjecting him to different terms and conditions of employment than younger salespeople and discharging him because of his age. Specifically, Charging Party alleges he did not receive the same training, sales and/or marketing materials and support as younger sales people. Charging Party alleges Vice President, Michael Allweiss, failed to offer him support, sign documents required to complete sales he made or provide him critical information to allow him to bid on jobs. Charging Party alleges he was discharged by President, Tommy Barnes on July 13, 2018 for a lack of HVAC experience and poor performance.

Respondent asserts the Charging Party was employed by Nextech Central LLC and not CMS Mechanical. Respondent's sales team at the time Charging Party was employed was comprised of eight individuals ranging in ages 24 – 64 years old. Respondent asserts Charging Party received training, marketing materials, business cards and had ongoing support from sales and operations personnel throughout his employment. During his first week of training Charging Party's was verbally counseled, and his training was cut short for causing an incident involving another employee. Respondent asserts none of its sales team employees had background experience in HVAC work. During his employment, Charging Party did not make any commissions and was discharged for poor performance. Respondent further asserts it hired another salesperson, age 61, after Charging Party was discharged.

EEOC Charge:  450-2018-06050                                                        Page 2 of 2
Roberts v. CMS MECHANICAL SERVICES

A review of the evidence demonstrates Respondent's reason for discharge is pretexual. The evidence shows Respondent's senior management team expressed disapproval of Charging Party's hiring because of his age, shortly after he was hired and instructed the former Director of Sales to discharge Charging Party and hire someone younger. The evidence indicates sales estimates from younger sales people were approved by the Director of Sales. However, the owner, Bob Bull, gave specific instructions that sales estimates from the Charging Party and another salesman close in age to the Charging Party, be reveiwed by him only. The evidence shows Charging Party negotiated and secured several service contracts including a major service contract with Wincor Foods just before he was discharged. After Respondent discharged Charging Party, Respondent finalized the service contract with Wincor Foods and entered into a service agreement for HVAC services. The evidence shows Tommy Barnes repeatedly referred to Charging Party as an *"old creepy guy"* and instructed management officials at Charging Party's work location to withhold assistance from Charging Party with the express intent of causing Charging Party to fail in his job performance. Tommy Barnes discharged Charging Party on July 13, 2018 and assumed management of the service contract with Wincor Foods.

Examination of the evidence demonstrates senior officials objected to Charging Party's employment soon after he was hired because of his age. Respondent subjected Charging Party to different terms and conditions of employment than younger salespeople by attempting to keep him from receiving support and assistance from his local management and requiring him to follow a different approval process for sales he made. The evidence also demonstrates the Vice President had an age-related animus against the Charging Party based on his repeated derogatory age-related comments, and his instructions to management officials to withhold assistance from the Charging Party, with the explicit intention of causing him to fail at his job.

Based on the evidence obtained, I find Respondent violated the ADEA when it discriminated against Charging Party because of his age by subjecting him to different terms and conditions of employment than younger salespeople, attempting to sabotage Charging Party's performance, and discharging him because of his age.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation (i.e. settlement). Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. If you wish to participate in conciliation, please email patricia.carrasco@eeoc.gov, within **10 days** from the date of this Letter of Determination.

On Behalf of the Commission:

11/17/2022
Date

Norma J. Guzman  
Digitally signed by Norma J. Guzman  
Date: 2022.11.17 09:29:58 -06'00'

Norma Guzman
Field Director

SAFO LOD Exhibit